■ In the Matter of HERVACIA SANCHEZ, Respondent, v JOHN B. MATTINGLY, as Commissioner of the New York City Administration for Children's Services, et al., Appellants. [899 NYS2d 156]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 17, 2009, which granted petitioner's application to annul the determination of respondent New York State Office of Children and Family Services (OCFS), made after a fair hearing, that respondent New York City Administration for Children's Services (ACS) correctly discontinued petitioner's child care benefits for failure to submit documentation verifying her husband's in-kind income, unanimously vacated, the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, OCFS's determination unanimously annulled, and the matter remanded to respondents so as to afford petitioner another opportunity to submit verification of her husband's in-kind income, without costs.

Respondents discontinued petitioner's child care benefits because she failed to submit documentation verifying her husband's in-kind income in the form of a rent-free apartment from his employment as the superintendent/janitor of the apartment building in which petitioner's family lives. Petitioner asserts that the new landlord of the apartment building denied the existence of any employment relationship with her husband but refused to supply documentation verifying the lack of such relationship or the fair market rental value of petitioner's apartment. Supreme Court concluded that respondent's discontinuance of benefits was arbitrary and capricious because petitioner demonstrated that she was unable to obtain the requested documentation despite her best efforts and that, in any event, it was unlikely that the rental value of the apartment would raise the family's income level beyond that to qualify for the benefits.

Supreme Court should have transferred the matter to this Court pursuant to CPLR 7804 (g). Regardless of the terms used by petitioner, her petition essentially challenges factual findings made at the fair hearing claimed to justify the discontinuance of benefits, namely, that at all relevant times her husband had been in an employment relationship with the building's landlord for which he received in-kind income in the form of a rent-free apartment, and that petitioner failed to submit proof of the apartment's rental value. Those findings are supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v*

*State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]), including petitioner's testimony that although her husband had stopped performing the duties of a superintendent, he was still doing maintenance and janitorial work in the building, and that her family was still living in the apartment rent-free. Because petitioner had the burden to supply documentation demonstrating her eligibility for the benefits (*see* 18 NYCRR 404.1 [e] [1] [ii]; [2]; 415.3 [b]), her failure to supply documentation verifying the rental value of the apartment normally would have warranted discontinuance of benefits.

Nonetheless, we annul OCFS's determination that ACS correctly discontinued petitioner's benefits, and remand to respondents, because petitioner should be afforded another opportunity to provide additional documentation of the value of the apartment. Such further opportunity is warranted by a record showing that ACS specifically instructed petitioner to obtain a letter from her landlord indicating the rental value of the apartment; that despite petitioner's diligent efforts to obtain such a letter, the landlord refused to accede to her requests; that aside from such a letter, petitioner submitted all other information requested by ACS; and that although ACS asserted at the fair hearing that petitioner could have submitted other forms of documentation to verify the value of the apartment, petitioner was never so advised. Concur—Saxe, J.P., Catterson, Moskowitz and Freedman, JJ.